# EXHIBIT 4



Home | Previous Page

**U.S. Securities and Exchange Commission**

## TWO FORMER REGISTERED REPRESENTATIVES OF A BOCA RATON BROKER-DEALER/INVESTMENT ADVISER SETTLE SEC CHARGES IN CONNECTION WITH FRAUDULENT MUTUAL FUND MARKET TIMING AND LATE TRADING ACTIVITIES

**FOR IMMEDIATE RELEASE**
**2005-4**

*Washington, D.C., Jan. 11, 2005* — The Securities and Exchange Commission today announced a settled administrative proceeding against Respondents Lawrence S. Powell and Delano N. Sta.Ana in connection with their participation in a scheme to defraud mutual fund shareholders through improper market timing and late trading. Powell and Sta.Ana were formerly associated as registered representatives at Kaplan & Co. Securities, Inc., a Boca Raton-based broker-dealer and investment adviser. The Commission ordered Powell and Sta.Ana to pay $750,000, split equally, consisting of $510,000 in disgorgement, $240,000 in penalties, and other remedial measures. Powell and Sta.Ana consented to entry of the Commission's Order without admitting or denying the findings.

The Commission's Order finds that Powell and Sta.Ana engaged in a course of business that operated as a fraud and deceit through the use of various devices to hide the identities of their customers from mutual funds to allow fraudulent market timing (short-term trading to exploit pricing inefficiencies) in those mutual funds. The Order also finds that Powell and Sta.Ana engaged in a fraudulent scheme to late trade mutual fund shares on behalf of their market timing customers.

David Nelson, Regional Director of the Commission's Southeast Regional Office in Miami said that "this case underscores the Commission's intention to punish those who use their role in securities transactions to violate or help others violate laws against late trading and fraudulent market timing." Glenn Gordon, Associate Regional Director in Miami, said that the action "sanctions Powell and Sta.Ana for their serious misconduct, but takes into account the cooperation that they have provided during the Commission's investigation."

The Commission's Order makes the following factual findings.

- Respondents used multiple registered representative numbers to evade detection by the mutual funds and fraudulently conceal the identities of Kaplan & Co. registered representatives from mutual funds.

- Respondents used multiple branch codes to hide the identity of the Kaplan & Co. Florida branch as the originating branch of the

transactions. Respondents used Kaplan & Co.'s New York branch office to establish a second branch code, which was not readily recognizable by the mutual funds. This strategy was implemented and the new branch code was utilized even though no market timing trades were actually effected from Kaplan & Co.'s New York branch. By using a new branch code, Kaplan & Co.'s customers could continue market timing funds that had banned them and Kaplan & Co.'s Florida branch.

- Respondents facilitated fraudulent market timing activities by establishing relationships with multiple clearing firms. Respondents further concealed their customers' market timing activities from the mutual funds by opening accounts at multiple clearing firms. Customers were able to hide their identities from the mutual funds by using the new clearing firm identifiers and account numbers associated with each new clearing firm. This tactic allowed Respondents' customers, once identified by a mutual fund as market timers, to switch to a different clearing firm and continue market timing undetected.

- Respondents effected mutual fund trades for orders received after 4:00 p.m. ET, allowing their customers to receive the same-day net asset value pricing on those trades (as though the orders were received prior to the 4:00 p.m. ET stock market close). This system allowed Kaplan & Co.'s customers to capitalize on news events or market changes occurring after the 4:00 p.m. ET stock market close.

- Respondents also engaged in the "next-day busting" of orders. On numerous occasions, Respondents' mutual fund group effected trades for customers and then contacted the clearing firm the following morning to take steps to cancel or "bust" the trade. In some instances, the mutual fund group falsely told the clearing firm that the order had been "erroneously entered," when in fact, the timing customer had simply changed its mind about placing the order.

The Commission's Order finds that Powell and Sta.Ana willfully violated Section 10(b) of the Securities Exchange Act of 1934 (Exchange Act) and Rule 10b-5 thereunder, and willfully aided and abetted and caused Kaplan & Co.'s violations of Section 15(c)(1) of the Exchange Act and Rule 22c-1 promulgated under Section 22(c) of the Investment Company Act, and requires Powell and Sta.Ana to cease and desist from violating these provisions. The Order also bars Powell and Sta.Ana from association with any broker, dealer or investment adviser.

In accepting the settlement, the Commission considered Powell and Sta.Ana's cooperation in this investigation. The Commission's investigation of Powell and Sta.Ana and this enforcement action have been coordinated with the New York Attorney General's Office.

The Commission's investigation is continuing.

For further information contact:

David Nelson, Regional Director (305) 982-6332

Glenn S. Gordon, Associate Regional Director (305) 982-6360

➤ Additional materials: Administrative Proceeding Release No. 34-51017

http://www.sec.gov/news/press/2005-4.htm

Home | Previous Page                                          Modified: 01/10/2005