# EXHIBIT 11

# State of Connecticut Department of Banking

## The Department of Banking News Bulletin

### Bulletin # 2167
### Week Ending September 2, 2005

This bulletin constitutes the only official notification you will receive from this office concerning any of the following applications. Any observations you may have are solicited. Any comments should be in writing to John P. Burke, Banking Commissioner, at the Connecticut Department of Banking, 260 Constitution Plaza, Hartford, CT 06103-1800 or via E-mail to john.burke@ct.gov. Written comments will be considered only if they are received within ten days from the date of this bulletin.

---

## BRANCH ACTIVITY
### State Bank Activity

Section 36a-145 of the Connecticut General Statutes requires that each application for a branch, or for a limited branch at which loans will be made, be accompanied by a plan detailing how adequate services to meet the banking needs of all community residents will be provided. Plans are submitted when such applications are filed and are available for public inspection and comment at this Department for a period of 30 days. Questions concerning branch activity should be directed to the Financial Institutions Division, (860) 240-8180.

| Date | Bank | Location | Activity |
|---|---|---|---|
| 8/19/05 | People's Bank<br>Bridgeport | 4551 Main Street<br>Bridgeport | closing date |
| 8/22/05 | People's Bank<br>Bridgeport | 3969 Main Street<br>Bridgeport | opening date |
| 8/24/05 | Rockville Bank<br>Rockville | *902 Main Street<br>South Glastonbury, CT  06073 | filed |
| 8/25/05 | People's Bank<br>Bridgeport | Super Stop & Shop<br>766 Villa Avenue<br>Fairfield, CT  06825 | opening date |
| 8/26/05 | People's Bank<br>Bridgeport | 1089 Madison Avenue<br>Bridgeport, CT  06606 | closing date |
| 8/30/05 | NewMil Bank<br>New Milford | 487 Howe Avenue<br>Shelton, CT  06484 | opening date |

*Wrong address reported in last bulletin.

## CREDIT UNION ACTIVITY
### Branch Activity

| Date | Credit Union | Location | Activity |
|---|---|---|---|
| 9/02/05 | Sikorsky Financial Credit Union, Inc. Stratford | FROM: 711 Bridgeport Ave. Shelton, CT<br>TO: 707 Bridgeport Ave. Shelton, CT | approved to relocate |

## CREDIT UNION ACTIVITY
### Conversion

On September 1, 2005, pursuant to Section 36a-468b of the Connecticut General Statutes, the Commissioner approved the application of Constitution State Corporate Credit Union Inc., Wallingford, to convert from a Connecticut chartered credit union to a federal credit union.

## CONSUMER CREDIT DIVISION ACTIVITY
### Check Cashing Service License Activity

On August 24, 2005, pursuant to Section 36a-581 of the Connecticut General Statutes, Kaur & Singh, LLC, filed an application to operate a check cashing service general facility at 16 Grove Street, Waterbury, Connecticut.

## SECURITIES AND BUSINESS INVESTMENTS DIVISION ACTIVITY
### Ex-Officer of Circle Trust Company, Fined $25,000, Barred from Serving as Financial Institution Officer or Director for Five Years in Connection With Alleged Improper Market Timing

On August 25, 2005, the Commissioner entered a Consent Order with respect to Louis P. Celentano, former Chairman and Chief Executive Officer of Circle Trust Company, a Connecticut bank organized to function solely in a fiduciary capacity. The Consent Order followed a March 7, 2005 Order to Cease and Desist, Notice of Intent to Fine and Notice of Right to Hearing against respondent Celentano. The Order to Cease and Desist and Notice of Intent to Fine had alleged that Celentano violated the antifraud provisions in Section 36b-4(a) of the Connecticut Uniform Securities Act by 1) introducing Brean Murray, a broker-dealer, and Canary Investment Management, LLC, a Secaucus, New Jersey-based investment adviser and hedge fund, to PEA Capital LLC f/k/a PIMCO Advisors LLC for the purpose of market timing PIMCO mutual funds, an arrangement that resulted in $77,578 in fees being paid to Circle Trust Company for the market timing of PIMCO funds by Canary Investment Management, LLC; and 2) facilitating improper market timing by Kaplan & Co. Securities Inc., Geek Securities, Inc. and Canary Investment Management, LLC by permitting those entities to use the bank's electronic trading platform for that purpose, an arrangement that resulted in approximately $1.2 million in profits for Kaplan & Co. Securities, Inc., $5.5 million in profits for Geek Securities, Inc. and $1.7 in profits for Canary Investment Management, LLC as well as $211,000 in fees for Circle Trust Company.

The Consent Order fined respondent Celentano $25,000 and barred him from working as an officer or director of any broker-dealer, investment adviser, bank, out-of-state bank, Connecticut credit union, federal credit union, out-of-state credit union or out-of-state trust company for five years. In addition, the Consent Order rendered the March 7, 2005 Order to Cease and Desist permanent, required that respondent Celentano periodically consult with legal counsel concerning his activities in the financial services industry; and required that respondent Celentano report his compliance with the Consent Order to the agency.

### Michelle Montano, Ex-Officer of Circle Trust Company, Fined $10,000, Barred From Conducting Securities Activity in Connecticut for Two Years in Connection With Alleged Improper Market Timing

On August 25, 2005, the Commissioner entered a Consent Order with respect to Michelle Montano, former President and Chief Operating Officer of Circle Trust Company, a Connecticut bank organized to function solely in a fiduciary capacity. The Consent Order followed a March 7, 2005 Order to Cease and Desist, Notice of Intent to Fine and Notice of Right to Hearing against respondent Montano. The Order to Cease and Desist and Notice of Intent to Fine had alleged that respondent Montano violated the antifraud provisions in Section 36b-4(a) of the Act by authorizing Canary Investment Management, LLC, Kaplan & Co. Securities, Inc. and Geek Securities, Inc. to use the bank's electronic trading platform to engage in improper marketing timing and failing to stop the practice, notwithstanding complaints from various mutual funds concerning the excessive trading activity.

The Consent Order fined respondent Montano $10,000 and barred her from transacting business in Connecticut as a broker-dealer, agent, investment adviser, investment adviser agent or agent of issuer for two years, with leave to apply after one year had elapsed from the entry of the Consent Order. In addition, the Consent Order rendered the March 7, 2005 Order to Cease and Desist permanent, required that respondent Montano periodically consult with legal counsel concerning her activities in the financial services industry; and required that respondent Montano report her compliance with the Consent Order to the agency.

Dated: Tuesday, August 30, 2005

John P. Burke
Commissioner